[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15288
Non-Argument Calendar
_____

D.C. Docket No. 2:13-cr-00171-WKW-WC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

QUACY TOM WRIGHT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(August 2, 2017)

Before TJOFLAT, WILLIAM PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Quacy Tom Wright appeals his 48-month sentence imposed upon revocation of his supervised release.  Wright argues his sentence is substantively unreasonable.  After review,[1] we affirm the district court.

After considering the factors in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D),  and (a)(4)-(7), a district court may revoke a term of supervised release and impose a sentence of imprisonment if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3).  The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in § 3553(a), including the need to deter criminal conduct and protect the public from the defendant's future criminal conduct.  *Id.* § 3553(a)(2)(B)-(C).  In imposing a sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  *Id.* § 3553(a)(1), (4)-(7).

---

[1]   We review a defendant's sentence for substantive reasonableness under an abuse of discretion standard.  *United States v. Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008) (applying the same reasonableness standard to a revocation hearing).  The party who challenges the sentence bears the burden to show the sentence is unreasonable in light of the record and the § 3553(a) factors.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

The concerns articulated by the district court in imposing Wright's above-guideline sentence[2]—*i.e.*, Wright's criminal history, past supervised release violation, and drug and firearm violations—show the upward variance was not unreasonable.  In light of Wright's recidivism and criminal activity–including possession of marijuana and a firearm–an upward variance was appropriate to reflect his history and characteristics, to reflect the nature and circumstances of the offense, and to achieve specific and general deterrence.  *See id.* § 3553(a)(1), (2)(B).  Additionally, Wright's arguments concerning his supportive family and mental health are unavailing, as the court specifically addressed the importance of Wright's family and noted that Wright was intelligent and functional.  Because Wright's 48-month sentence was within the "range of reasonable sentences from which the district court [could] choose," *see United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005), the district court did not abuse its discretion, and we affirm.

**AFFIRMED.**

---

[2]  A defendant who, like Wright, has his release revoked for a Grade B violation and was in criminal history category IV at the time of his original conviction is subject to a guideline range of 12 to 18 months' imprisonment for the revocation sentence.  U.S.S.G. § 7B1.4(a).  For a Class B felony, the court cannot impose a sentence of more than five years.  18 U.S.C. § 3583(b)(1).